IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MERCHANTS MUTUAL INSURANCE CO., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Civil Action No. 09-418 |
| v. | ) | Chief Judge Donetta W. Ambrose |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| RICHARD W. BENCHOFF, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Defendant's Motion to Transfer be denied and jurisdiction be retained by this Court. The Plaintiff has chosen a proper venue pursuant to 28 U.S.C. §1391(a) and the Defendant does not assert sufficient evidence to justify transfer.

**II. REPORT**

This case is a Declaratory Judgment Action filed by Merchant Mutual Insurance Co. ("Plaintiff" or "Merchant") against Richard Benchoff ("Defendant" or "Benchoff") in connection with Defendant's attempt to collect under-insured motorist benefits following a 2008 accident.

Because (1) this Report concludes the Plaintiff selected a proper venue to file this action pursuant to 28 U.S.C. §1391(a) and because (2) this Report finds the Defendant does not assert sufficient factors in his favor for a discretionary change of venue pursuant to 28 U.S.C. §1404 or the Declaratory Judgement Act, it is recommended that the motion be denied and the instant action be retained in the United States District Court for the Western District of Pennsylvania.

1

A. **Statement of the Facts and Procedural History**

This case is a declaratory judgment action filed by Merchant, a New York based mutual property and casualty company, in connection to an attempt to collect under-insured motorist benefits by Benchoff, an adult individual and a resident of Pennsylvania . The pertinent facts are as follows:

This claim arises out of an automobile/ pedestrian accident on April 16, 2008, along U.S. Highway 22 in Allegheny County. A car driven by the Defendant's stepdaughter had a flat tire and she contacted him for assistance. The Defendant drove to the scene of the flat tire in a truck owned by his employer and insured by the Plaintiff. After arriving at the scene of the flat tire, the Defendant got out of the truck and helped his stepdaughter and a highway-assistance provider change the tire. As the Defendant was standing behind his stepdaughter's car, a vehicle driven by a third party struck the rear of his truck, causing it to strike him. Defendant was pinned between his step daughter's car and his truck, resulting in serious injury.

Following the accident, Defendant submitted a claim to Plaintiff for under-insured motorist benefits under the policy. Plaintiff denied the claim after concluding there was insufficient evidence that Defendant was an "insured" under the policy or that Defendant was "occupying" the truck at the time of the accident.

Plaintiff filed an action on April 9, 2009 seeking declaratory judgment that the Defendant had no standing to claim benefits under the policy related to the April 16 accident.

Defendant responded on May 11, 2009 by filing a Fed. R. Civ. P. 12(b)(3) objection to venue and a 28 U.S.C. §1404 motion to change venue to the Court of Common Pleas of Allegheny County, Pennsylvania. Plaintiff responded on May 22, 2009 and opposes transfer.

B. **Standard of Review**

Motion to Dismiss for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3)

On a motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), a court must accept as true all allegations of the complaint unless contradicted by defendant's affidavits. *Whipstock Natural Gas Servs., LLC v. Trans Energy, Inc.*, 2008 WL 4287158, at *2 (W.D. Pa. Sept. 17, 2008) (citing *Holiday v. Bally's Park Place, Inc.*, 2007 WL 2600877, at *1 (E.D. Pa. Sept. 10, 2007). The court must draw all reasonable inferences and resolve all conflicting facts in favor of the plaintiff. *Fellner v. Philadelphia Toboggan Coasters, Inc.*, 2005 WL 2660351, at *1 (E.D. Pa. Oct. 18, 2005); *accord Heft v. AAI Corp.*, 355 F. Supp.2d 757, 762 (M.D. Pa. 2005) ("Whatever the nature of the parties' submissions, the court is bound to view the facts in the light most favorable to the plaintiff."). The defendant, as the moving party, bears the burden of demonstrating that venue is improper. *Myers v. American Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982).

Motion to Transfer pursuant to 28 U.S.C. § 1404(a)

In reviewing a motion to transfer from a proper venue pursuant to 28 U.S.C. § 1404(a), the factors examined by the Court include convenience to the parties and witnesses, and the interests of justice. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).[1] The party seeking to transfer the case has the burden of establishing the justice of transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

---

[1] More specifically, the language of 28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

3

### C. Discussion of Applicable Legal Authority

28 U.S.C.§ 1391(a) provides the guidelines for properly choosing venue in a civil action where jurisdiction is founded only on diversity. The suit may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated…" 28 U.S.C.§ 1391(a).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404 (a). Venue transfers for the convenience of the parties are discretionary determinations that presuppose that the court has jurisdiction and that the case has been brought in the correct forum. *Lafferty v. St. Riel,* 495 F.3d 72, 76 (3d Cir. 2007). The decision to transfer is based on a number of factors which weigh the inconvenience of the chosen venue on each party. Transfer is allowed if the factors weigh <u>heavily</u> in favor of transfer. There is no set list of factors, but courts generally consider a number of private and public interests. These private interests include plaintiff's original venue choice, defendant's preference, location where the claim arose, convenience to parties as indicated by their physical and financial condition, convenience to witnesses, and location of records. Also considered are public factors such as administrative difficulties pertaining to court congestion, enforceability of the judgment, local interest in deciding local controversies, and familiarity of the trial judge with applicable state law. *Jumara,* 55 F.3d at 879. (Citing 15 Wright, Miller & Cooper § 3848-3853).

Federal Courts can exercise discretion in hearing declaratory judgment actions filed under the Federal Declaratory Judgment Act, 28 U.S.C. §2202. The Third Circuit has adopted a

four prong test to determine if an action should be heard in Federal Court. Those factors are (1) the likelihood the Federal Court can resolve the uncertainly, (2) convenience to the parties, (3) public interest in solving the case or controversy, and (4) the availability and relative convenience of other remedies. *Bituminous Coal Operators' Assoc., Inc. v. International Union, United Mine Workers of America*, 585 F. 2d 586, 596-7 (3d Cir. 1978), abrogated on other grounds by *Carbon Fuel Co. v. United Mine Workers of America*, 444 U.S. 212 (1979).

The factors of these two tests must be weighed to determine where the litigation should proceed. However, Plaintiff's initial choice of venue should not be lightly disturbed. *Jumara*, 55 F.3d at 879. See also *Glen Knit Industries, LTD v. E. F. Timme & Sons, Inc*. 384 F. Supp. 1176, 1178 (E.D. Pa. 1974) ('axiomatic' that Plaintiff's forum choice is paramount.").

D. <u>Analysis</u>

In this case, jurisdiction is founded on diversity of the parties. The Plaintiff is incorporated in New York and the Defendant is a resident of Pennsylvania. Because the Defendant resides in this district and the events giving rise to the suit occurred in this district, venue is proper in this Court pursuant to 28 U.S.C. §1391(a). Therefore the claim cannot be dismissed based upon Fed. R. Civ. P. 12(b)(3). However, this Court does have discretion to transfer this action following 28 U.S.C. §1404 or the Declaratory Judgment Act to another suitable forum.

The "burden of establishing need for transfer rests with the movant." *Jumara,* 55 F. 3d at 873. In the present action, the Defendant requests a change of venue and incorrectly asserts that the Plaintiff has the burden to show that their venue is proper once it has been challenged. The Defendant cites to *Mowery v. Johnson & Johnson* which does state that the Plaintiff has the

burden of proving proper venue. However, the Plaintiff in that case met that burden by simply showing that venue was proper under 28 U.S.C. §1391 and the motion for change of venue was denied. *Mowery v. Johnson & Johnson* 524 F.Supp. 771 (W.D.Pa. 1981).

Having established venue is proper under 28 U.S.C. §1391, the movant must show cause for the transfer. *Jumara*, 55 F.3d at 879. The factors weighing a 1404(a) motion and the four prong test balancing the Court's right to discretionary dismissal of a declaratory judgment action must be considered.

1) 28 U.S.C. §1404(a) Factor Analysis

The private interests weighed include plaintiff's original venue choice, defendant's preference, location where the claim arose, convenience to parties as indicated by their physical and financial condition, convenience to witnesses, and location of records. *Jumara*, 55 F.3d at 879. (Citing 15 Wright, Miller & Cooper § 3848-3853).

The Defendant prefers to litigate in the Allegheny Court of Common Pleas. However, the Plaintiff has appropriately selected the United States District Court for the Western District of Pennsylvania. Plaintiff's venue choice is given great weight and can not be overcome simply by a defendant's opposing preference. There is no evidence that it would be more convenient or cost effective to litigate this issue in a state court located in the same county as this Court. The claim arose here and each venue offers equally convenient access to records and witnesses.

Also considered are public factors such as administrative difficulties pertaining to court congestion, enforceability of the judgment, local interest in deciding local controversies, and familiarity of the trial judge with applicable state law. *Jumara*, 55 F.3d at 879. (Citing 15

Wright, Miller & Cooper § 3848-3853).

Defendant asserts Pennsylvania courts have an interest in this issue and have decided it before. However, as Plaintiff shows, this issue has been decided in federal court before as well. See *Aetna Casualty & Surety Co. v. Kemper Ins. Co.* 657 F. Supp. 213 (E. D. Pa. 1987). There is also no evidence that this Court would be unable to resolve this controversy, unable to enforce its judgment, or that it could not correctly apply state law.

2) Declaratory Judgment Act Discretionary Test

A similar analysis applies to the four prong discretionary test for a declaratory judgment action. Those factors are (1) the likelihood the federal court can resolve the uncertainly, (2) convenience to the parties, (3) public interest in solving the case or controversy, and (4) the availability and relative convenience of other remedies. *Bituminous Coal Operators' Assoc., Inc.*, 585 F. 2d at 596-7.

Again, there is no evidence offered by the Defendant that this Court can not adequately resolve this controversy. Federal courts in this circuit can and have decided similar issues. There is little convenience or efficiency to be gained by transferring this action to the Allegheny Court of Common Pleas. There is interest in solving this matter and it can be decided through declaratory judgment in this venue. "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Fed. R. Civ. P. 57.

Overall, venue is properly placed in the Western District of Pennsylvania pursuant to 28 U.S.C. §1391(a). Plaintiff's venue choice is given great weight and the burden to prove transfer is appropriate cannot be met by the defendant.

## III. CONCLUSION

For the reasons set forth above it is respectfully recommended that the Defendant's Motion to Transfer be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellant rights.

_____
LISA PUPO LENIHAN
United States Magistrate Judge

Dated: July 1, 2009

cc: Chief Judge Donetta W. Ambrose
     All Counsel of Record